UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| EUNICE ALLEN,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE CORP. *et al,*<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-15839 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Eunice Allen's ("Plaintiff") Amended Complaint (ECF No. 5) and renewed Application to Proceed in District Court Without Paying Fees or Costs ("Amended IFP Application") (ECF No. 5-2); and

**THE COURT NOTING** that Plaintiff's previous IFP Application (ECF No. 1-2) was denied because Plaintiff "failed to demonstrate that she cannot pay the costs of litigation" (ECF No. 4 at p. 2); and

**THE COURT NOTING** that Plaintiff used the incorrect form in her Amended IFP Application and therefore the Court **DENIES** her Amended IFP Application; and

**THE COURT NOTING** that the Plaintiff's previous Complaint (ECF No. 1) was dismissed for failure to establish that the Court has subject matter jurisdiction; and

**WHEREAS,** the Court permitted Plaintiff thirty (30) days to amend her Complaint to address the deficiencies identified in its Memorandum Opinion and Order (ECF No. 4); and

**THE COURT NOTES** that many of the same defects remain in Plaintiff's Amended Complaint (ECF No. 5) with regard to her § 1983 claim, which fails because none of the defendants

can be considered state actors, and § 1983 operates to provide "private citizens with a means to redress violations of federal law committed by state [actors]." *Kosch v. Reid*, No. CV-12781-SDW-LDW, 2018 WL 2332250, at *2 (D.N.J. May 23, 2018); *See also Woodyard v. Cty. of Essex*, 514 Fed.Appx. 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). To establish a claim under § 1983 a plaintiff must show: 1) defendants' conduct was committed by a person acting under color of state law, and 2) the alleged conduct deprived the plaintiff of rights, privileges, or immunities protected by the Constitution or laws of the United States. *Kosch*, 2018 WL 2332250, at *2.

As the Court explained in its previous order (ECF No. 4), federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEILife, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim[1] or trigger the court's diversity jurisdiction[2]. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024).

In her Amended Complaint (ECF No. 5), Plaintiff continues to contend that jurisdiction is established pursuant to federal question jurisdiction by alleging violations of 42 U.S.C. § 1983.

---

[1] To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Gibson*, 2024 WL 658977 at *1 n.2. The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when "the face of a properly pleaded complaint asserts a federal question." *Deutsche Bank Nat'l Tr. Co. v. Harding*, 655 F. App'x 113, 114 (3d Cir. 2016) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

[2] To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, (meaning that each defendant must be a citizen of a different state than each plaintiff), with the amount in controversy exceeding $75,000.00. *Gibson*, 2024 WL 658977 at *1.

2

However, the Amended Complaint names the same four Defendants contained in the original Complaint (ECF No 1): 1) Defendant Freedom Mortgage Corp., 2) Defendant First American Solutions, 3) Defendant Inspire Closing Services, and 4) Defendant William Broskey. Plaintiff also names an additional Defendant – Defendant "Orange" (ECF No. 5 at p. 2). She sues all Defendants in their "Official capacity" and alleges that "Under color of law, FREEDOM MORTGAGE CORP, et,al., failed to protect I (The Plaintiff) by allowing I (The Plaintiff) to move into a residential area, knowing that I (The Plaintiff) had a mental incompetency issue, while being not able to enter I (The Plaintiff's) residence without a handicap ramp on the outside. The inside of the property that I (The Plaintiff's) residence had to pay for while paying on time my mortgage. I (The Plaintiff) had to pay continuously for the air conditioning system to operate correctly." (*Id.* at p. 4). The Amended Complaint further alleges that Defendants breached their contract with Plaintiff by failing to complete various home repairs. (*Id.*) Nothing in the Complaint indicates that any of the Defendants are government officials, agencies, or acting under the control of the government. As such, none of the Defendants can be considered government actors. Private citizens and entities that are not state actors cannot be subject to liability under § 1983. *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010). Therefore, Plaintiff's Amended Complaint does not state a viable claim under §1983.

Further, Plaintiff's Amended Complaint does not plausibly point to any other violation of the Constitution or treaty of the United States, nor does it plead any violations of federal law. Plaintiff's Amended Complaint asserts facts that can be construed as common law breach of contract claims, none of which fall under the Constitution or federal law.

While the Court has an obligation to construe a *pro se* litigant's pleadings to less stringent standards than the formal pleadings drafted by lawyers, this does not "absolve a *pro se* plaintiff of

3

the need to adhere to the Federal Rules of Civil Procedure," *Davis v. Forsdahl*, No. 23-2313, 2025 WL 1118629 at *3 (D.N.J. Apr. 15, 2025).   As such, the Plaintiff is required to sufficiently establish jurisdiction in her Amended Complaint. However, even construing the facts alleged, nothing in the Amended Complaint amounts to a cognizable federal claim such that the Court may properly exercise jurisdiction[3].

**IT IS HEREBY** on this 9th day of March, 2026, **ORDERED**

A.  Plaintiff's Amended IFP Application (ECF No. 5-2) is hereby **DENIED**

B.  Plaintiff's  Amended  Complaint  (ECF  No.  5)  is  **DISMISSED  WITHOUT PREJUDICE**

C.  Plaintiff has thirty (30) days to amend her pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will order the Clerk of Court to close the case; and further

D.  The clerk is ordered to close the file. Upon filing an Amended Complaint within thirty (30) days, Plaintiff may submit payment in the amount of $405 to reopen the case without further action from the court

E.  The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
United States District Judge

---

[3] The Court notes that the Plaintiff does not assert that this Court has jurisdiction pursuant to diversity jurisdiction.